```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MARTIN HODGE,                                                          :
                                                                       :
                              Petitioner,                              :
                                                                       :        20-CV-10474 (JPC)
                 -v-                                                   :
                                                                       :              ORDER
UNITED STATES BOP,                                                     :
                                                                       :
                              Respondent.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On December 10, 2020, Petitioner Martin Hodge, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) and submitted an application for the appointment of counsel under 18 U.S.C. § 3006(A)(g) (Dkt. 3). For the reasons stated below, Petitioner's application for counsel is DENIED.

While a habeas petitioner has no right to counsel, the Court has discretion, under the Criminal Justice Act ("CJA"), to appoint counsel for any person "seeking relief" under 28 U.S.C. § 2241 who "is financially unable to obtain adequate representation . . . [w]henever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining if the appointment of counsel is in the "interests of justice," courts in this District consider the same factors as applications under 28 U.S.C. § 1915. *McGrigg v. Killian*, No. 08 Civ. 6238 (RMB) (DF), 2009 WL 536048, at *1 (S.D.N.Y. Feb. 26, 2009). Accordingly, the Court must first determine if the *pro se* party's position is "likely to be of substance." *Cooper v. A. Sargenti Co., Ic.*, 877 F.2d 170, 172 (2d Cir. 1989) (internal quotation marks omitted); *see also Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). If so, the Court considers the petitioner's "ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation,

the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172.

As an initial matter, Petitioner has adequately demonstrated that he is indigent. Petitioner has requested to proceed *in forma pauperis*. (Dkt. 5.) In his application, Petitioner, who is incarcerated, attests that he receives a monthly income of $49.88. (*Id.* at 1.) Accordingly, the Court does not doubt that Petitioner is eligible for appointment of counsel.

Nonetheless, having considered the aforementioned factors, the Court concludes that Petitioner has not shown that appointment of counsel would be in the "interests of justice." Even assuming that Petitioner's position is "likely to be of substance," Petitioner has shown himself capable of submitting a cogent habeas petition, constituting 82 pages including exhibits. His Petition presents a straightforward legal issue, and there appears to be no need for additional factual investigation or cross-examination.

Accordingly, for the reasons stated above, Petitioner's application for counsel is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket 3 and mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: February 4, 2021  
New York, New York

　　　　　　　　　　　　　　　　　　　　　　JOHN P. CRONAN  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge