UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                          :

MARTIN HODGE,                                :
                                          :
                       Petitioner,      :
                                          :          20 Civ. 10474 (JPC)
        -v-                        :
                                          :          <u>ORDER</u>
UNITED STATES (BOP),                :
                                          :
                       Respondent.    :
                                          :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On November 24, 2020, Petitioner Martin Hodge, proceeding *pro se*, submitted a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. 1 (the "Petition" or "Pet.").  Hodge

contends that the Bureau of Prisons ("BOP") wrongfully denied his transfer to a halfway house to

conclude his federal sentence, based on what he claims is an invalid New York State detainer.  *Id.*

at 2.  The Government opposes the Petition, arguing that (1) Hodge cannot challenge a New York

State detainer under § 2241, (2) the placement of Hodge in a halfway house is a matter committed

to the discretion of the BOP, and (3) Hodge failed to exhaust administrative remedies.  Dkt. 9

("Opposition").

      For the reasons set forth below, Hodge's Petition is denied for his failure to exhaust the

BOP's administrative remedies.  Because the Court dismisses the Petition on exhaustion grounds,

it does not reach the other bases for dismissal raised by the Government.

## I. Background

### A. Facts

      On October 31, 1986, Hodge was sentenced in New York State court to 25 years to life

imprisonment for second degree murder.  *See* Dkt. 10 ("Demosthenes Decl.") ¶ 3.  After serving 28

years in custody, Hodge was released on parole on January 2, 2014. *Id.* On October 30, 2018, Hodge was arrested and charged with Hobbs Act extortion in violation of 18 U.S.C. § 1951, for obtaining money and property from a former employer by using threats of violence. *See* Information, *United States v. Hodge*, No. 19 Cr. 219 (S.D.N.Y.), Dkt. 14; Sentencing Submission, *United States v. Hodge*, No. 19 Cr. 219 (S.D.N.Y.), Dkt. 35. Hodge pleaded guilty on December 18, 2019, and was sentenced to a term of imprisonment of 33 months on June 15, 2020. Judgment, *United States v. Hodge*, No. 19 Cr. 219 (S.D.N.Y.), Dkt. 38. Hodge is currently housed in the New York Metropolitan Correctional Center ("MCC"), and his projected release date, accounting for good conduct time, is March 2, 2021. Demosthenes Decl. ¶ 7.

On July 9, 2020, the New York State Department of Corrections and Community Supervision issued a warrant, to be lodged as a detainer, finding that Hodge had violated the conditions of his release from state custody by pleading guilty to Hobbs Act extortion in violation of 18 U.S.C. § 1951. *Id.* ¶ 8. On September 3, 2020, Hodge pleaded guilty at his parole revocation hearing, a parole violation was sustained, and Hodge received a twelve-month time assessment. *See id.* ¶ 9; Pet., Ex. 10.[1] The one-year term on his parole violation commenced on August 24, 2020, and Hodge's anticipated release from state custody is August 24, 2021. *See* Demosthenes Decl. ¶ 9. Accordingly, Hodge will be transferred to state custody upon his release from federal custody. Opposition at 3.

**B. The BOP's Administrative Remedy Program**

The BOP's Administrative Remedy Program, which governs the grievance and appeals process for inmates incarcerated at the MCC, has four steps. First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an

---

[1] The Court uses the PDF pagination in referring to Hodge's Petition and supporting facts, *see* Pet. at 1-21, and refers to the exhibits as they are labeled in the Petition, *see id.*, Exs. 1-12.

inmate submits a Request for Administrative Remedy."  28 C.F.R. § 542.13(a).  At the MCC, Informal Resolution Forms, also known as BP-8 forms, are provided to an inmate by his or her unit team.  Dkt. 17, Ex. A ("King Decl.") ¶ 5.  An informal request may be submitted in writing or verbally.  *Id.*  Second, if the request is not resolved at the informal stage, the inmate may submit a formal written Administrative Remedy Request on the appropriate form—a BP-9 form—to the institution at which the inmate is housed.  28 C.F.R. §§ 542.13(a), 542.14(a).  At the MCC, upon receipt of the BP-9, the Administrative Remedy Coordinator logs the Request in SENTRY.[2]  King Decl. ¶ 6.  The Warden has 20 days from the date of receipt to respond to the Request, with the option of a 20-day extension.  28 C.F.R. § 542.18.  Third, within 20 calendar days of the Warden's signing of the response, the inmate can appeal an unfavorable decision to the appropriate BOP Regional Director using a BP-10 form.  *Id.* § 542.15(a).  The Regional Director has 30 calendar days to respond, also with the option of a 30-day extension.  *Id.* § 542.18.  Fourth, within 30 days of the date the Regional Director signs the response, an inmate can appeal an unfavorable decision at the regional level to the BOP's General Counsel in Washington D.C. using a BP-11 form.  *Id.* § 542.15(a).  A response must be made by the General Counsel within 40 calendar days, with the option of a 20-day extension.  *Id.* § 542.18.  The regulations further provide that if an inmate fails to receive a response during the allocated time period, including extension, the inmate may consider the absence of a response to be a denial at that level.  *Id.*

### C.  Hodge's BOP Requests and Administrative Appeals

Beginning in early October 2020, Hodge made several attempts to be transferred to a halfway house for the remainder of his federal sentence.  First, on October 8, 2020, Hodge

---

[2] SENTRY is "the BOP's computerized inmate management program" and contains records that "include information concerning an inmate's conviction and sentence, programming and housing assignments, and use of the BOP's Administrative Remedy Program."  Demosthenes Decl. ¶ 2.

submitted a BP-8 form, seeking informal resolution of his request for placement in a halfway house. King Decl. ¶ 10; Pet., Ex. 12 at 1.  On October 17, 2020, before Hodge's informal request was resolved with his unit team, Hodge mailed a BP-9 form directly to the Warden.  King Decl. ¶ 11; Pet., Ex. 12 at 2.  On October 21, 2020, after reviewing and speaking with Petitioner's unit manager, the Administrative Remedy Coordinator rejected Hodge's BP-9 because, among other reasons, Hodge had failed to submit evidence of his efforts to resolve his request informally with his unit manager.  King Decl. ¶ 13; Pet., Ex. 12 at 3.

On October 26, 2020, Hodge resubmitted the BP-8 form to his unit manager, and his unit manager denied the request on that same day.  King Decl. ¶ 15; Pet., Ex. 12 at 5.  On November 14, 2020, Hodge appealed the October 26, 2020 denial by submitting a BP-9 form to the Warden, in which he again requested to be placed in a halfway house.  King Decl. ¶ 17.  On November 19, 2020, the Warden denied Hodge's request.  *See* Demosthenes Decl. ¶ 12; *id.* Ex. A.  Specifically, the Warden informed Hodge that he was not eligible to be placed in a halfway house under BOP's Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedure*, in light of the verified New York State warrant and detainer.  Demosthenes Decl. ¶ 12; *see id.* Ex. B.  In denying Hodge's request, the Warden informed Hodge that he could appeal to the BOP Regional Director of the Northeast Region within 20 days, and provided the appropriate address for such an appeal, *see id.* Ex. A, but Hodge did not appeal the Warden's determination, *id.* ¶ 15.

### D.  Habeas Petition

Instead of appealing the Warden's denial, five days later, on November 24, 2020, Hodge submitted his Petition, arguing that he is "being denied placement in [a] community correctional facility . . . based on an invalid NYS detainer."  Pet. at 2.[3]  Specifically, Hodge argues that the

---

[3] Although the Petition was not docketed until December 10, 2020, Hodge dated the Petition November 24, 2020 on the signature page and declared, under penalty of perjury, that he placed it in the prison mail system that same day.  *See* Pet. at 9.

4

detainer is invalid because it was issued on July 9, 2020, almost a month after his June 12, 2020 federal sentencing and almost two years after his Hobbs Act arrest.  *See id.* at 20-21.  He argues that the warrant should have been issued after his October 30, 2018 arrest, *see id.* at 12, 16-17, or, at the latest, on January 2, 2020, when the New York State Parole was notified of his conviction, *id.* at 20.  On this basis, Hodge contends that his one-year state custody term should have expired by January 2, 2021, and he is therefore currently eligible for release to a halfway house.  *Id.* at 20-21.  Hodge thus requests that the Court order him to be placed in a halfway house and that the Court declare that the "State detainer / warrant is invalid and void."  *Id.* at 21.

## II.  Discussion

### A.  Administrative Exhaustion

A federal prisoner must exhaust available administrative remedies under the BOP's Administrative Remedy Program before filing a petition for a writ of habeas corpus under § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 633-34 (2d Cir. 2001); 28 C.F.R. §§ 542.10-542.19.  This exhaustion requirement promotes "the interests of judicial economy and accuracy." *Carmona*, 243 F.3d at 634.  "Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing *Carmona*, 243 F.3d at 634).

Specifically, "[w]hen . . . legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies," failure to exhaust may be excused by a showing of "cause and prejudice."  *Carmona*, 243 F.3d at 634.  Generally, cause can be shown when: (1) "available remedies provide no genuine opportunity for adequate relief"; (2) "irreparable injury may occur without immediate judicial relief"; (3) "administrative appeal would be futile"; and (4) "in certain instances a plaintiff has raised a substantial constitutional question."  *Guitard v.*

5

*U.S. Sec'y of Navy*, 967 F.2d 737, 741 (2d Cir. 1992) (internal quotation marks omitted); *accord Madkour v. Ashcroft*, 74 F. App'x 89, 90 (2d Cir. 2003); *see also Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009) (emphasizing that exhaustion can be excused "when such exhaustion would be futile or where the agency has predetermined the issue before it" (internal quotation marks omitted)).

### B. Analysis

Hodge has not exhausted his administrative appeals, and he has not provided any justification to excuse his failure to exhaust. In its Opposition, the Government focuses on Hodge's failure to exhaust with respect to his November 14, 2020 BP-9 request and the Warden's November 19, 2020 denial of that request. *See* Opposition at 8. The Bureau of Prisons has confirmed that Hodge has not filed an administrative appeal of the Warden's November 19, 2020 denial. Demosthenes Decl. ¶ 15; *see* Opposition at 8 ("[Hodge] did not file an appeal of the November 19, 2020 denial of his request with the appropriate BOP Regional Director, nor did he appeal to any decision to BOP's Office of General Counsel in Washington D.C."). Hodge does not argue otherwise. Accordingly, the Court agrees that Hodge did not exhaust his remedies with respect to that request.

Hodge argues, however, that he exhausted his administrative appeals based on his other efforts stemming from his October 8, 2020 BP-8 form. *See* Pet., Ex. 12; Dkt. 15 at 1. The Court agrees with the Government that this argument in support of exhaustion fails as well. *See* Dkt. 17. As an initial matter, the BOP rejected Hodge's October 8, 2020 BP-8 form and his October 17, 2020 BP-9 form, the latter of which was filed before his BP-8 was resolved, because he failed to abide by the BOP's requirement that he provide evidence of his informal efforts to resolve his issue. *See* Pet., Ex. 12 at 3. Moreover, even if he had properly followed the BOP's procedures, Hodge did not properly appeal that rejection. While he attached a BP-10 form to his Petition, it appears

6

from the face of the form that he did not submit an appeal to the Regional Director, as he acknowledges in the form that "the BP 8 [and] BP 9 and this appeal are not sent in [the] mail," but rather "[i]t was given to [the] unit team – counselor as is this appeal," *id.* Ex. 12 at 4; *see* Dkt. 17 at 2-3, and the BOP does not have any record that this form was submitted to the Regional Director, King Decl. ¶¶ 14, 20. But even if Hodge had sent this BP-10 form to the BOP Regional Director, there is no indication that he completed the final step of the appellate process by appealing to the BOP's General Counsel. As noted above, if an inmate fails to receive a response during the allocated time period for a response, including the extension period, the inmate may consider the absence of a response to be a denial at that level. *See* 28 C.F.R. § 542.18. Hodge does not argue that he appealed to the BOP's General Counsel, nor is there any evidence he did so.

Finally, Hodge has not pointed to any facts that would lead this Court to conclude that his failure to exhaust should be excused. He does not contend that the administrative process would have been futile or that he would not have had an opportunity for genuine relief. In fact, as noted, he mailed this Petition only five days after the Warden denied his BP-9, instead of pursuing an appeal to the Regional Director. Moreover, although by the time Hodge properly began the administrative process, it had the potential to take longer than the time remaining on his federal sentence, that would not excuse his failure to exhaust. *See Goren v. Apker*, No. 05 Civ. 9006 (PKC), 2006 WL 1062904, at *4 (S.D.N.Y. Apr. 20, 2006) ("Courts have also held that the mere fact that petitioner's release date could arrive before administrative relief is insufficient to excuse a petitioner's failure to exhaust his administrative remedies." (citing *Dent v. Bureau of Prisons*, 2004 U.S. Dist. LEXIS 28384, *5 (E.D.N.Y. Jan. 3, 2005))).

Accordingly, for the reasons stated above, Hodge's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied. Because the Court rules on exhaustion grounds, it does not reach the additional arguments for denying the Petition in the Government's Opposition.

The Clerk of the Court is respectfully directed to terminate any pending motions, close this case, and mail a copy of this Order to Petitioner Martin Hodge.

SO ORDERED.

Dated: February 24, 2021
        New York, New York

_____
JOHN P. CRONAN
United States District Judge