```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MARTIN HODGE,                                                          :
                                                                       :
                              Petitioner,                              :
                                                                       :      20 Civ. 10474 (JPC)
        -v-                                                            :
                                                                       :           ORDER
UNITED STATES (BOP),                                                   :
                                                                       :
                              Respondent.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      The Court is in receipt of the attached letter from Petitioner Martin Hodge, dated February 19, 2021 but received in Chambers on March 5, 2021.  By way of background, on December 10, 2020, Hodge, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. 1 (the "Petition" or "Pet.").  In his Petition, Hodge asserted that the Bureau of Prisons ("BOP") wrongfully denied his transfer to a halfway house to conclude his federal sentence, based on what he claimed was an invalid New York State detainer. *Id.* at 2.  On February 24, 2021, the Court denied Hodge's Petition for his failure to exhaust the BOP's administrative remedies.

      In his most recent letter, which appears to have been drafted and mailed before Hodge received the Court's Order denying his Petition, Hodge argues that he exhausted his administrative remedies and provides a detailed account of the steps taken to exhaust those remedies.  As an initial matter, Hodge had already replied to the Government's opposition to his Petition, in which he addressed the Government's argument that he had not exhausted administrative remedies. *See* Dkt. 15.  Regardless, Hodge's letter does not include any new information that the Government has not already addressed in its submissions.  As his own letter demonstrates, Hodge never appealed to the BOP's General Counsel, as is required to complete the appeals process, nor has he shown any

reason that his failure to exhaust should be excused. Accordingly, the Court sees no reason to revisit its prior Order denying Hodge's Petition.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner Martin Hodge.

SO ORDERED.

Dated: March 8, 2021
      New York, New York

                                              JOHN P. CRONAN
                                     United States District Judge

2/19/20

Hon John P. Cronan
US. District Judge
Southern District of New York
500 Pearl Street Room 1320
New York, NY 10007

Re: Martin Hodge v. United States (BOP) 20 cv 10474

Your Honor

On this date Petitioner called the Federal Defenders office and spoke to attorney Mr Flood, who read to Petitioner Your Honor's order directing the US Attorney's office to respond to Petitioner exhausting his administrative remedies. As well as Petitioner was read the US Attorney's response.

Your Honor, Petitioner to action asks Your Honor to Please consider the following that took Place to in fact exhaust.

1) On 10/8/20 Petitioner seen the 11 South unit team Counselor Mr Espinet, and obtained a BOP-BP8. Which is dated and initialed by him and given back on the same day to be Processed. See Ex 12, Page 72 to Petition where it is dated twice and initialed twice by Counselor Espinet.

2) On 10/17/20 Since Petitioner received no answer to the above BP-8, Petitioner asked Counselor Mr Espinet for a BP-9. Which is initialed at the top right hand corner by Mr Espinet. See Ex 12 page 78 to Petition. Which was given to Counselor Espinet for Processing as was the BP-8.

3) On 10/21/20 the Administrative Remedy Coordinator responded to Petitioner's BP-9. (Remedy ID 1053145-F1) Which stated in part that the BP-8 was not completed by the Counselor and the BP-9 was sent through the mail when must be given to the Unit team.

This answer is incorrect because: A) once the BP-8 is submitted Petitioner cannot force the Counselor to answer the BP-8. B) If the time to answer passes Petition can submit a BP-9. Which was done and both the BP-8 and BP-9 were given to Counselor Espinet for processing. See Ex 12 Page 77-to-79. Petitioner did not use the mail to Process the BP-8 or BP-9.

4) On 10/25/20 Petitioner seen Mr Espinet and asked for a BP-10. Which is initialed by Mr Espinet at the top right hand corner as are the BP-8 and BP-9 are initialed by Mr Espinet.

After receiving the BP-10 on 10/25/20 it was returned to Mr Espinet for his Processing. As well as Petitioner mailed a copy to the Regional Administrative office at US Custom House 7th Fl, Second and Chestnut St, Philadelphia PA. This was mailed by placing it in the hands of the 11 South Housing Unit officers hands to be mailed out. So not only was this BP-10 given to Mr Espinet for processing, but was mailed as instructed to do so by Mr Espinet. See Ex 12 Page 80 to Petition. which states the BP-8, BP-9 and BP-10 were all given to the Counselor.

5) On 10/26/20 Petitioner obtained a new BP-8 and started the process all over again as instructed by the 11 South Unit team. See Ex 12 Page 81 to Petition and that was also initialed by Mr Espinet as all the others.

2

6) on about 11/12/20 Counselor N. Bullock from 11 South answered the BP-8 filled on 10/26/20. See Attached.

7) On 11/12/20 Counselor Espinet gave Petitioner a BP-9 and on 11/14/20 Petitioner gave this BP-9 to Mr Espinet for Processing. See Attached.

8) on 11/19/20 Warden Vitale answered the BP-9 see attached.

9) On 11/24/20 I filed a BP-10 with Mr Espinet which has his initials at the top right hand corner. As well as I Mailed it to the Regional office as instructed to do so by Warden Vitale. Petitioner Mailed the BP-10 by giving it to an 11 South housing officer for Mailing as Petitioner did with the Previous BP-10. There is no Mail box on 11 South, and the Mailing Process is to hand it to the officer and they Place it in a Mail bag. Petitioner never received any answer to either BP-10's.

Petitioner did everything he could and was instructed to exhaust his administrative remedies.

For these reasons and the Mail box rule Petitioner's administrative remedies should be considered exhausted.

Also Your Honor Respondent had to file their answer to the Petition by 2/3/21. To date Petitioner never received their answer. Your Honor made a decision on 2/4/21, Mailed on 2/5/21 and received on 2/9/21.

How is it his BP-10's are not mailed or he never receives the response to the Petition. Thank You Your Honor

Yours
Martin Hodge

CC: Acting US Attorney
Southern District of NY
300 Pearl St
NY   NY 10007

Your Honor, Petitioner asks this Court to consider whether Special Circumstances has been Plausibly alleged by Petitioner, i.e. (tried to file an administrative appeal by ⓐ giving it to the Counselor, and ⓑ mailing it), that justify that there isn't any failure to comply. See Brownell v. Krom, 446, F.3d 305, 311-12 (2d. Cir 2006).

Also due to the COVID virus and Federal lock down in BOP, legal material and use of the law computers is unavailable to do research, and Petitioner relied upon misguidance by BOP Staff to appeal the BP-8, BP-9 and gave the BP-10 to Counselor Espinet as well as mailing a copy and giving such to a BOP officer for Processing. See Hairston v. LaMarche, 2006 WL 2309592, *8, 11 (S.D.N.Y. Aug 19, 2006).

Petitioner's efforts to comply should sufficiently inform officials to investigate and correct the wrong complained of, and satisfy Purposes of the PLRA. See Partee v. Grood, 2007 WL 2164529, *4 (S.D.N.Y. July 25, 2007); Kinzey v. Beard, 2006 WL 2829000 *10 (M.D. Pa., Sept 1, 2006);

Thus, there should be "Special Circumstances," for which the appeal was given to the Counselor Espinet for Processing, and mailed by Petitioner in giving it to a BOP officer, ie the Mail Box Rule. Houston v. Lack, 487 U.S. 266, 273-76, 108 S.ct 2379 (1988); Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d. Cir 1999).

1

Furthermore, civil action arising under a Constitutional Violation, and as stated under 28 U.S.C. § 1331. This Court can grant injunctive relief and order the New York State Parole Violation Warrant invalid because the Statutory requirement were not followed in issuing the Warrant. Thus making the Warrant invalid, and any denial to the half way house based on this invalid warrant is a Violation of this Petitioner's Due Process Rights under the Constitution by NYS Parole and the Federal BOP for not Correcting the Situation. See <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 404-05, 91 S.ct 1999 (1971); <u>Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1231-32 (10th Cir 2005).

Also this Court has reviewing Authority under 5 U.S.C. §702 and 28 U.S.C. §1343(a)(3), and can issue an order based on the Wrong because of BOP actions and the quasi Prison law enforcement authority between the BOP and NYS Dept of Correction and Community Supervision - Division of Parole to Correct any Parole Warrant Violation that is Prohibiting the Placement into any half way house. When by NYS Statute the Parole Warrant has to be issued at the time of arrest and held for Court action (10/30/18); or when convicted (where Parole acknowledged this on 1/2/20). Thus the twelve month violation would have ended 1/2/21 and not 8/24/21 and Petitioner would have been Placed into a half way house soon after.

2

NYM 1330.7
ATTACHMENT 1

## METROPOLITAN CORRECTIONAL CENTER, NEW YORK
## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION FORM (BP-8)

NOTE TO INMATE: With the exception of sensitive issues and DHO appeals, you are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-229(13) (old BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Additionally, in accordance with P.S. 1330.13, you have the responsibility to present complaints in good faith and in an honest and straightforward manner. Before completing this form, you should make every effort to honestly attempt to informally resolve this matter verbally with staff. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally.

Date form issued and initials of Correctional Counselor: 10/26/2020 SR

INMATE'S COMMENTS:

1. Complaint:
I am being denied the half way house because of an invalid state detainer/warrant. I am asking for the half way house please

2. Efforts made by you to informally resolve:
Spoke to Unit team

3. Names of staff you contacted/Date you contacted the staff:

Date returned to Correctional Counselor: 10/26/2020 SR

Marlon Hodge    14886-054    10/26/20
Inmate's Name    Register Number    Date

CORRECTIONAL COUNSELOR'S COMMENTS:
1. Efforts made to informally resolve and staff contacted:
MR. Hodge has to resolve his invalid state detainer/warrant to be qualified for RRC.

Date informally resolved: 11/23/20    Counselor Signature: N.B.
Date BP-229(13) Issued: 18/24/20    Unit Manager: N. Budson

**U.S. DEPARTMENT OF JUSTICE**　　　　　　　　　　　　**REQUEST FOR ADMINISTRATIVE REMEDY** (SAC)
Federal Bureau of Prisons                                                                                     11/12/2020

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: __Hodge       Martin.__      __14886054__   __11South__   __MCC__
　　　　LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT         INSTITUTION

**Part A- INMATE REQUEST** On 10/26/20 I filed a BP8 that I not receiving the half way house because of an invalid NYS Warrant. On 11/12/20 the 11South counselor answered my BP8 and I am appealing the decision.

__11/14/20__                                                                __Martin Hodge__
DATE                                                                         SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____                       _____
DATE                                                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                            CASE NUMBER: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____  _____  _____  _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT       INSTITUTION

SUBJECT: _____

_____                            _____
DATE                                                           RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                                                    BP-229(13)
                                                                                                                 APRIL 1982

## RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY - PART B

Inmate Name: **HODGE, MARTIN**
Reg. No. **14886-054**
Administrative Remedy Id.: **1053149-F2**

This is in response to your Request for Administrative Remedy (BP-9) dated November 14, 2020, wherein you allege you are not receiving RRC placement due to an invalid NYS warrant. You request appropriate action be taken in transferring you to a Residential Reentry Placement (RRC).

Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedure*, provides: inmates to be individually considered for placement using the following five factors: the resources of the facility contemplated, the nature and circumstance of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence: (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or correctional facility as appropriate, and any pertinent policy statement issued by the U.S. Sentencing Commission. After a review of this matter by the Case Management Coordinator, confirmation of a valid warrant and detainer was received from the Department of Corrections and Community Supervision on August 24, 2020, in which you received a copy. As it stands your tentative release date is January 8, 2021.

Based on the above information and the verified warrant and detainer, you are currently ineligible for RRC consideration, therefore your request for relief is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Region, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd & Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

11/19/2020
Date

M. Licon-Vitale, Warden

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

Regional Appeal

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hodge Martin       14886-054    11 South     MCC
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

On 11/19/20 Warden Vitale denied my BP-9 and I am appealing. I am being denied the halfway house based on an invalid New York State detainer. I should not be denied the half way house and the state detainer should be voided.

11/24/20
DATE

*Signature of Requester*

**Part B- RESPONSE**

_____          _____
DATE                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

                                          CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____         _____
DATE                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                       BP-229(13)
                                                              APRIL 1982